**Fill in this information to identify your case:**

Debtor 1    _Suzanne Harris Wyatt_____
                First Name        Middle Name        Last Name

Debtor 2    _Kenneth Dane Wyatt_____
(Spouse, if filing) First Name    Middle Name        Last Name

United States Bankruptcy Court for the:  District of South Carolina

Case number    _25-00122_____
(If known)

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐    Pre-confirmation modification

☐    Post-confirmation modification

_____
_____
_____
_____

District of South Carolina

# Chapter 13 Plan

07/24

## Part 1: Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances.  Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.  Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation.  **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan.**  The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan.  Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items.  If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☒ **Included** | ☐ **Not included** |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4** | ☐ **Included** | ☒ **Not included** |
| 1.3 | **Nonstandard provisions, set out in Part 8** | ☐ **Included** | ☒ **Not included** |
| 1.4 | **Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8** | ☐ **Included** | ☒ **Not included** |

### Part 2:  Plan Payments and Length of Plan

**2.1**  The debtor will pay the trustee as follows:

$ __1,250.00__     per month     for __60__ months

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan.  The stipulation is effective upon filing with the Court, unless otherwise ordered.

**2.2  Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*
- ☑ The debtor will make payments pursuant to a payroll deduction order.
- ☐ The debtor will make payments directly to the trustee.
- ☐ Other (specify method of payment):_____.

**2.3  Income tax refunds.**

*Check one.*
- ☑ The debtor will retain any income tax refunds received during the plan term.
- ☐ The debtor will treat income tax refunds as follows:
  _____
  _____

**2.4  Additional payments.**

*Check one.*
- ☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### Part 3:  Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan.  However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution.    Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay.   Secured creditors that will be paid directly by the debtor  should continue sending directly to the debtor standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1  Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply.  Only relevant sections need to be reproduced.*
- ☑ None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2  Request for valuation of security and modification of undersecured claims.** *Check one.*
- ☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

   *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

- ☑ **Non-governmental claims.** The debtor requests that the Court determine the amount of the secured claims listed below, as set out in the column headed *Amount of secured claim*.  Unless otherwise ordered by the Court, a proof of claim sets the total amount of a claim, but the plan controls the amount of the secured claim, unless a lower secured claim amount is acknowledged in the proof of claim.  The amount of the secured claim will be paid

in full with interest at the rate stated below. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5. Any holder of an allowed secured claim treated in this section shall retain its lien on the property interest of the debtor(s) or the estate(s) until the earlier of payment of the underlying debt under applicable nonbankruptcy law or discharge of the underlying debt under 11 U.S.C. § 1328 and shall be required to satisfy its lien at the earliest of the time required by applicable nonbankruptcy law, order of this court, or discharge under 11 U.S.C. § 1328, unless there is a nonfiling co-debtor who continues to owe an obligation secured by the lien.

Unless otherwise stated in Part 8.1, any applicable taxes and insurance related to the collateral shall be paid directly by the debtor. If the debtor fails to timely pay any such taxes and insurance, then the creditor may pay those amounts.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| MTC FCU | $ 33,299.00 | 2017 Dodge Ram | $ 32,500.00 | $ 0.00 | $ 32,500.00 | 9 % | $ 694.00 (or more) |

*Insert additional claims as needed.*

❑ **Governmental claims.** The debtor's proposed *Amount of secured claim* for purposes of estimating plan funding is listed below. After the claim is filed or after the deadline to file a claim, the debtor will file either: (1) a motion to determine the amount of the secured claim, or (2) an objection to the proof of claim. Unless otherwise ordered by the Court, the governmental unit's secured claim amount listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. The amount of the secured claim will be paid in full with interest at a rate stated below, with any priority amounts of the unsecured claim paid under Part 4, and any general unsecured amounts paid under Part 5.

Unless otherwise stated in Part 8.1, any applicable taxes and insurance related to the collateral shall be paid directly by the debtor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| _____ | $_____ | _____ | $_____ | $_____ | $_____ | ____% | $_____ (or more) |

*Insert additional claims as needed.*

**3.3  Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*

❑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered, the applicable proof of claim sets the amount to be paid at the interest rate set below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Any holder of an allowed secured claim treated in this section shall retain its lien on the property interest of the debtor(s) or the estate(s) until the earlier of payment of the underlying debt under applicable nonbankruptcy law or discharge of the underlying debt under 11 U.S.C. § 1328 and shall be required to satisfy its lien at the earliest of the time required by applicable nonbankruptcy law, order of this court, or discharge under 11 U.S.C. § 1328, unless there is a nonfiling co-debtor who continues to owe an obligation secured by the lien.

Unless otherwise stated in Part 8.1, any applicable taxes and insurance shall be paid directly by the debtor. If the debtor fails to timely pay any such taxes and insurance, then the creditor may pay those amounts.

| Name of creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| MTC FCU | 2016 Dodge Ram | $ 5,602.83 | 9 % | $ 179.00 (or more) |

Disbursed by
☑ Trustee
❑ Debtor

| __MTC FCU_____ | 2013 Toyota Camry____ | $__6,338.53_____ | ___9____% | $__202.00_____ |

(or more)

Disbursed by
☒ Trustee

❏ Debtor

*Insert additional claims as needed.*

**3.4  Lien avoidance.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5  Surrender of collateral.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

**4.1  General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3  Attorney's fees**

a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case.  Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with either the Judge's guidelines or SC LBR 2016-1(b), as applicable, to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court.  Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis.  If funds are available, the trustee is authorized to pay any allowed priority claim without further modification of the plan.

*Check box below if there is a Domestic Support Obligation.*

❏ **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to _____ (state name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*
b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.
c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5  Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☒ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5:   Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.** *Check one.*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☒ The debtor estimates payments of less than 100% of claims.
❑ The debtor proposes payment of 100% of claims.
❑ The debtor proposes payment of 100% of claims plus interest at the rate of ___%.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6:   Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7:   Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor as stated below:**

*Check the applicable box:*

☒ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession and use of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor.

❑ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

### Part 8:   Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☒ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9:   Signature(s)

**9.1 Signatures of the debtor and the debtor's attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

✘ _Suzanne Harris Wyatt_____     ✘ _Kenneth Dane Wyatt_____
Signature of Debtor 1                                                    Signature of Debtor 2

Executed on  01/22/2025  
        MM / DD / YYYY

Executed on  01/22/2025  
        MM /DD / YYYY

✘ /s/ Däna Wilkinson_____      Date   01/23/2025_____  
  Signature of Attorney for the debtor    DCID #4663                MM/DD/ YYYY

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

```
Label Matrix for local noticing        Amber Wyatt                             Ashley Funding Services, LLC
0420-6                                 500 E Junior High Rd                    Resurgent Capital Services
Case 25-00122-hb                       Gaffney SC 29340-4422                   PO Box 10587
District of South Carolina                                                     Greenville, SC 29603-0587
Greenville
Thu Jan 23 15:51:24 EST 2025

Best Buy  NPRTO                        Bridgecrest Credit Company, LLC as Agent and    Cabellas  Capital One
7527                                   4515 N Santa Fe Ave. Dept. APS                  8929
256 Data Drive                         Oklahoma City, OK 73118-7901                    PO Box 31293
Draper UT 84020-2315                                                                   Salt Lake City UT 84131-0293


Capital One                            CashNet USA                             CashNetUSA
8428                                   0819                                    175 W Jackson Blvd
PO Box 31293                           175 W Jackson Blvd Suite 1000           Suite 600
Salt Lake City UT 84131-0293           Chicago IL 60604-2863                   Chicago, IL 60604-2948


Credit One Bank                        (p)CREDITNINJA                          Gretchen D. Holland
4648                                   27 N WACKER DRIVE                       Office of the Chapter 13 Trustee
PO Box  98873                          SUITE 404                               3449 Pelham Road
Las Vegas NV 89193-8873                CHICAGO IL 60606-2800                   Ste C
                                                                               Greenville, SC 29615-4104


(p)INTERNAL REVENUE SERVICE            Integra Credit                          Kimbrells Furniture
CENTRALIZED INSOLVENCY OPERATIONS      8097                                    5628
PO BOX 7346                            102 S LaSalle St Ste 1600               PO Box 939
PHILADELPHIA PA 19101-7346             Chicago IL 60603                        Gaffney SC 29342-0939


MTC Credit Union                       MTC FCU                                 One Main
5711                                   0002                                    5372
517C Michelin Road                     PO Box 1944                             1230 E Dixon Blvd Unit 11
Greenville SC 29605-6131               Greenville SC 29602-1944                Shelby NC 28152-7095


Progressive Insurance                  REGIONAL MANAGEMENT CORPORATION         RNR Tire Express
MBER                                   979 BATESVILLE ROAD SUITE B             MBER
300 N Commons Blvd                     GREER, SC 29651-6819                    1280 Asheville Hwy
Cleveland OH 44143-1589                                                        Spartanburg SC 29303-2174


SC Department of Revenue               South Carolina Department of Revenue    Spartanburg Regional Healthcare System
PO Box 125                             Office of General Counsel               7100
Columbia SC 29202-0125                 300A Outlet Pointe Blvd.                101 East Wood Street
                                       Columbia, SC 29210-5666                 Spartanburg SC 29303-3072


Torrid                                 US Trustee's Office                     Dana Elizabeth Wilkinson
nown                                   Strom Thurmond Federal Building         Dana Wilkinson, Attorney at Law
PO Box 182789                          1835 Assembly St.                       269 S Church St
Columbus OH 43218-2789                 Suite 953                               Suite 210a
                                       Columbia, SC 29201-2448                 Spartanburg, SC 29306-3483


Wilkinson Law Firm                     Kenneth Dane Wyatt                      Suzanne Harris Wyatt
Wilkinson Law Firm                     500 E Junior High Road                  500 E Junior High Road
269 S Church St Ste 210A               Gaffney, SC 29340-4422                  Gaffney, SC 29340-4422
Spartanburg SC 29306-3483
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| CreditNinja | IRS* | End of Label Matrix | |
|---|---|---|---|
| 9699 | 6952 | Mailable recipients | 29 |
| 27 N Wacker Ave Suite 404 | STOP5000 | Bypassed recipients | 0 |
| Chicago IL 60606 | PO Box 219236 | Total | 29 |
| | Kansas City MO 641219236 | | |